■ MANUFACTURERS AND TRADERS TRUST COMPANY, as Successor by Merger to CITIZENS SAVINGS BANK, F.S.B., Respondent, v DAVID J. MAIER et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. M&T MORTGAGE CORPORATION et al., Third-Party Defendants-Respondents. [720 NYS2d 604] —Mercure, J. P. Appeal from an order of the Supreme Court (Rumsey, J.), entered July 21, 2000 in Cortland County, which, *inter alia*, granted plaintiff's motion for summary judgment and awarded plaintiff a judgment of foreclosure and sale against defendants David J. Maier and Donna L. Maier.

In October 1991, defendants David J. Maier and Donna L. Maier (hereinafter collectively referred to as defendants) executed an adjustable rate mortgage note in the amount of $71,100 in favor of Citizens Savings Bank (hereinafter CSB) to purchase a home in the Town of Cortland, Cortland County (hereinafter the premises). The note was secured by a purchase money mortgage on the premises. Plaintiff is CSB's successor in interest through merger. Third-party defendant M&T Mortgage Corporation, a subsidiary of plaintiff, serviced the loan. Under the terms of the loan documents, defendants were required to make monthly payments into an escrow account, which M&T maintained for payment of real estate taxes and insurance on the premises.

In June 1997, defendants' total monthly payment of principal, interest and contribution to escrow increased from $859.66 to $946.51 based on an increase in scheduled disbursements from escrow over the course of the upcoming year and to remedy an existing escrow shortage of $609.78. On October 20, 1997, defendants paid $859.66 as their September 1997 mortgage payment, and plaintiff credited them with a partial payment.

Although there is a dispute as to whether defendants subsequently paid $870.48 toward their October 1997 mortgage payment, there is no question that defendants made no payments after November 1997.

In February 1998, M&T obtained a modification of the automatic stay resulting from defendants' April 1996 filing of a bankruptcy petition, so as to permit it to proceed with a foreclosure proceeding. In March 1998, M&T notified defendants of its intention to declare the loan immediately due and payable if they did not cure the default within 30 days. Upon defendants' failure to cure the default within the requisite period, M&T accelerated the loan. In July 1998, M&T arranged for an inspection of the premises by third-party defendant First National Net, Inc. (hereinafter FNN), which in turn engaged third-party defendant AJ Services Property Preservation Repair and Securing, Inc. to inspect and secure the premises. Based upon the condition of the premises—the yard was overgrown, there was no furniture in the house and the electric meter showed little or no activity—AJ Services determined that defendants had abandoned the premises. It therefore entered the dwelling, made an inspection, cleaned out accumulations of trash and garbage, changed the locks and winterized the premises. The police were called to secure a rifle that had been found in a closet. Later, when defendants sought access to the premises to take possession of their few remaining personal effects, they were permitted to do so.

Plaintiff commenced this foreclosure action in January 1999. In their answer, defendants asserted affirmative defenses based upon allegedly excessive escrow charges and plaintiff's possession of the premises following the July 1998 entry. Defendants also asserted numerous counterclaims against plaintiff and third-party claims (improperly denominated cross claims) against M&T, AJ Services, FNN and third-party defendant City of Cortland. After service of all third-party answers, plaintiff moved for summary judgment dismissing defendants' affirmative defenses and counterclaims and seeking a judgment of foreclosure and sale, and M&T, the City, AJ Services and FNN each moved for summary judgment dismissing the third-party claims against them. Finally, defendants cross-moved for summary judgment against plaintiff, M&T, the City, FNN, and AJ Services and sought, as alternative relief, leave to amend their counterclaims and "cross claims" and to compel complete responses to interrogatories by plaintiff and M&T. Supreme Court granted the summary judgment motions of plaintiff, M&T, the City, AJ Services and FNN, granted

plaintiff judgment of foreclosure and sale and dismissed defendants' counterclaims and "cross claims" against M&T, AJ Services, FNN and the City. Defendants appeal.

We share Supreme Court's view that defendants have no viable defense to plaintiff's action and that their affirmative defenses, counterclaims and third-party claims are devoid of merit. We accordingly affirm. Initially, the evidence in the record establishes as a matter of law that no party to the action violated any of defendants' rights in connection with the securing of the premises. Contrary to defendants' assertion, AJ Services' inspection provided it with a reasonable belief that the premises had been abandoned and justified its actions in securing the premises. In fact, defendants themselves acknowledged that they had moved out of the mortgaged premises and taken up residence in another city. In any event, the mortgage expressly authorized plaintiff to take possession of the premises following its acceleration of the underlying note regardless of whether defendants had abandoned it. Of course, in the absence of any evidence of tortious conduct on the part of FNN or AJ Services, the cause of action alleging the City's negligence in permitting the seizure must also fail.

Next, defendants have failed to make any competent showing of unconscionable conduct on the part of plaintiff or M&T. Plaintiff's reasonable explanation for the June 1997 increase in defendants' monthly escrow payment has been opposed with nothing but conclusory allegations, and defendants have failed to substantiate even their claim that they objected to the increase. What is undisputed is that defendants provided no written notice of any objection to the calculation of the monthly escrow payment, that they failed to make any payments of principal, interest or escrow from and after November 1997 and that, when given an opportunity to bring the mortgage current, defendants did nothing.

Defendants' remaining contentions are either unpreserved for our consideration or have been considered and found to be lacking in merit.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.